IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS WAYNE MIZE,

    Petitioner,               No. CIV S-10-0027 DAD P

    vs.

M. McDONALD,                ORDER AND

    Respondent.           FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner challenges his 2006 conviction in the Shasta County Superior Court, raising ten grounds for relief. However, in his form petition, petitioner alleges that he has only filed a habeas petition in the Shasta County Superior Court raising those claims. Petitioner has not alleged that he received a decision on that petition from the Superior Court, nor has he alleged that he filed a habeas petition with the California Court of Appeal or California Supreme Court.

1

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  See 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by the respondent's counsel.  See 28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).  After reviewing the present petition for habeas corpus, the court finds that petitioner has failed to show that he has exhausted state court remedies.  Further, there is no allegation that state court remedies are no longer available to petitioner.  Accordingly, the petition should be dismissed without prejudice.[2]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's January 6, 2010 request for leave to proceed in forma pauperis (Doc. No. 2) is granted;

2. The Clerk of the Court is directed to randomly assign this case to a U.S. District Judge;

/////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  See 28 U.S.C. § 2254(b)(2).

[2] If petitioner has exhausted his habeas claims by presenting any of them to the California Supreme Court he should file objections to these findings and recommendations so advising this court and providing the specifics.  If he has not exhausted his claims, as presently appears to be the case based upon the allegations of his pending petition, petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  See 28 U.S.C. § 2244(d).

3. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 25, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mize0027.103

3